845 F.2d 1033
 56 USLW 2468
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
USD TECHNOLOGIES, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 87-1439.
 United States Court of Appeals, Federal Circuit.
 Feb. 3, 1988.
 
 Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge, and EDWARD S. SMITH, Circuit Judge.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Armed Services Board of Contract Appeals (board), dated March 17, 1987, ASBCA No. 31305, denying USD Technologies, Inc.'s (USD) appeal taken from the refusal of the contracting officer to issue a decision on USD's certified claim in the amount of $521,536 for its "additional costs of performance" under an allegedly expired contract, is affirmed.
 
 OPINION
 
 2
 The board, finding that the Government failed to satisfy its burden of proving that modification P00009, a unilateral modification purporting to exercise the "First Priced Option," was deposited in the mails on or before January 31, 1983, held that the evidence in the record established that USD consciously relinquished and waived any objection it might have had to the Government's untimely exercise of the First Priced Option. As grounds for its decision, the board reasoned that because modification P00010, a bilateral modification, was signed by the parties to correct a variation in option quantities set forth by the Government in modification P00009, USD agreed without reservation to render continued performance under the restated terms of the First Priced Option, notwithstanding the Government's untimely exercise of that option.
 
 
 3
 We agree with both parties before us that the board erred by resting its decision on this ground. The only difference between modification P00009 and the terms of the First Priced Option was a change of certain administrative letter codes: modification P00010 was signed by the parties merely to correct these letter codes and not, as the board concluded, to correct a variation in option quantities. On this basis, we hold that the board committed error; however, alternate grounds exist for us to affirm the board's decision.
 
 
 4
 There is no dispute that an untimely exercise of the First Priced Option would cause the contract to expire and give rise to USD's ability to object to the continuation of the contract. However, it is well established that a contractor may be estopped from avoiding its obligation under a contract by the contractor's failure to protest the improper or ineffective exercise of an option pursuant to the contract at the time it becomes aware that the option was not exercised properly. See Cities Service Helex, Inc. v. United States, 543 F.2d 1306, 1313-14 (Ct.Cl.1976); see also E. Walters & Co. v. United States, 576 F.2d 362 (Ct.Cl.1978); Ling-Temco-Vought, Inc. v. United States, 475 F.2d 630 (Ct.Cl.1973). On the basis of the facts both found by the board and stipulated by the parties, we must conclude that USD had knowledge of the Government's untimely exercise of the First Priced Option. Because USD failed, in view of this knowledge, to protest the Government's untimely exercise of the option and continued to perform pursuant to the contract, we must hold that USD consciously relinquished and waived any objection it might have had to the untimely exercise of the option.
 
 
 5
 Here, the parties' factual stipulations reveal that the envelope containing modification P00009 would have been imprinted with a postmark indicating the month, day, and year that the envelope was weighed, meter stamped, sorted, and readied for collection by the U.S. Postal Service. For purposes of our review, these stipulations, coupled with the board's conclusion that the Government failed to satisfy its burden of proving that the modification purporting to exercise the First Priced Option, modification P00009, was deposited in the mails on or before January 31, 1983, leads to the conclusion that the envelope containing modification P00009 received by USD would have been imprinted with a postmark indicating a date later than January 31, 1983. See Koppers Co. v. United States, 405 F.2d 554, 558-59 (Ct.Cl.1968). This postmark should have put USD on notice of the Government's untimely exercise of the First Priced Option. By further performing on the contract, in view of this notice, we hold, as a matter of law, that USD consciously relinquished and waived any objection it might have had to the Government's untimely exercise of the First Priced Option.
 
 
 6
 USD argues that it could not have consciously relinquished its ability to object to the untimely exercise of the First Priced Option because the waiver doctrine, as a matter of law, is appropriately applied only where there is a "ivoluntary, intentional abandonment of a known right" (emphasis in original). USD asserts that the waiver doctrine is inapplicable in this case because the facts found by the board do not establish a voluntary, intentional abandonment of a known right. USD contends the board did not find or hold in its opinion, and the record does not set forth any evidence, that USD had actual knowledge of what information was printed on the envelope. We disagree.
 
 
 7
 As discussed above, the record establishes that an envelope containing modification P00009 would have been imprinted with a postmark indicating a date later than January 31, 1983. Such a postmark would have given USD either the knowledge or, at the very least, reason to know, of the Government's untimely exercise of the First Priced Option. By further performing on the contract, in view of this knowledge, we hold, as a matter of law, that USD intentionally and voluntarily abandoned its known right to object to the Government's untimely exercise of the First Priced Option.
 
 
 8
 USD further argues that, assuming the waiver doctrine is applicable in this case, there was no reason or duty for USD personnel to examine the envelope containing modification P00009. USD contends that the Government should not be allowed to relieve itself of liability for its untimely option exercise merely because no attention was paid by an "unsuspecting mail handler to a routine and nondescript envelope." On this basis, USD apparently contends that USD did not voluntarily abandon its right to object to the exercise of the First Priced Option. We are not persuaded.
 
 
 9
 The board specifically found that "[a]ll mail from the Government, including contract modifications, was opened and routed by USD's contract administrator" (emphasis supplied). Contrary to USD's assertion, its contract administrator is not an "unsuspecting mail handler"; rather, a contract administrator must be presumed to have knowledge of the importance of timeliness in the exercise of Government contracts. See ITT Arctic Services, Inc. v. United States, 524 F.2d 680, 684 (Ct.Cl.1975). The postmarked envelope gave USD notice of the Government's untimely exercise of the First Priced Option; USD's policy of discarding envelopes after opening them does not negate this notice. Because USD failed to protest, in view of its knowledge of the Government's untimely exercise of the option, and continued to perform under the contract, we must affirm the board's decision that USD consciously relinquished and waived its ability to object to the Government's untimely exercise of the First Priced Option.